FILED
 2011 Apr-21  PM 12:54
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | |
|---|---|
| **JOHN WESLEY BURCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-10-S-2417-NW** |
| ) | |
| **CITY OF FLORENCE,** ) | |
| **ALABAMA, LUKE MCINTYRE,** ) | |
| **and PHILIP MOSS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, John Wesley Burch, who is proceeding *pro se*, filed this case on September 7, 2010.[1] His amended complaint[2] asserts claims for alleged violations rights guaranteed by the First, Fourth, and Fourteenth Amendment to the United States Constitution against defendants City of Florence, Alabama ("the City"), Luke McIntyre, and Charles Philip Moss. Both individual defendants are police officers for the City, and both are sued in their respective official and individual capacities.[3] The case currently is before the court on defendants' motion to dismiss all of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon

---

[1] *See* doc. no. 1 (complaint).
[2] Doc. no. 5.
[3] *Id.* at ¶¶ 3-4.

consideration of the motion, plaintiff's response,[4] and defendants' reply,[5] the court concludes the motion to dismiss is due to be granted in part and denied in part.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[6] This rule must be read together with Rule 8(a),

---

[4] *See* doc. no. 13 (response to motion to dismiss); doc. no. 14 (amended response to motion to dismiss).

[5] Doc. no. 16.

[6] In full text, Rule 12(b) provides that:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject-matter jurisdiction;
>
> (2) lack of personal jurisdiction;
>
> (3) improper venue;
>
> (4) insufficient process;
>
> (5) insufficient service of process;
>
> (6) failure to state a claim upon which relief can be granted; and
>
> (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009) (citations omitted). The Supreme Court elaborated this standard in its *Iqbal* opinion, as follows:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss [founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals

---

Fed. R. Civ. P. 12(b).

of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at —, 129 S. Ct. at 1949-50 (emphasis added).

Additionally, the Eleventh Circuit has observed that "[a] statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6), when the complaint shows on its face that the limitations period has run." *ACCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir 1982).

## II. DISCUSSION

Plaintiff's complaint, which was filed on September 7, 2010 and amended on September 28, 2010, asserts claims pursuant to 42 U.S.C. § 1983 for alleged violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims are based on events that allegedly occurred on July 18, 2008, July 21, 2008, August 13, 2008, September 6, 2008, and October 28, 2009.

Defendants moved to dismiss plaintiff's amended complaint due to expiration of the statute of limitations. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir. 2008) (citing *Wilson v. Garcia,* 471 U.S. 261, 275-76 (1985)). In Alabama, the governing limitations period is two years. *McNair,* 515 F.3d at 1173 (citing Ala. Code § 6-2-38 (1975); *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*)). Accordingly, plaintiff was required to file any § 1983 claims within two years of the date on which the actions complained of occurred.

Defendants initially argued that all of plaintiff's claims based on events occurring on or before September 6, 2008 were time-barred, because plaintiff filed his complaint one day after the two-year statute expired.[7] However, after plaintiff pointed

---

[7]*See* doc. no. 11 (defendants' brief in support of motion to dismiss).

out that September 6, 2010 was Labor Day, a federal holiday,[8] defendants conceded "that the complaint may properly have been filed no later than September 7, 2010 *as to any claim that accrued on or after September 6, 2008.*"[9]  *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time: . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); *see also* Fed. R. Civ. P. 6(a)(6)(A) (including Labor Day in the definition of a "legal holiday").  The court agrees with defendants' contention that any claims based on events occurring prior to September 6, 2008 are time-barred; any claims based on events occurring on or after September 6, 2008 are permissible.

### III. CONCLUSION AND ORDERS

In light of the foregoing, defendants' motion to dismiss is GRANTED in part and DENIED in part.  Any claims based upon events occurring prior to September 6, 2008 are time-barred, and are therefore DISMISSED with prejudice.  Any claims based upon events occurring on or after September 6, 2008 remain pending.

Furthermore, as the motion to dismiss has been resolved, it is ORDERED that the stay on discovery is lifted.  The parties are directed to confer regarding a discovery

---

[8] *See* doc. no. 14 (plaintiff's amended response in opposition to motion to dismiss).

[9] Doc. no. 16 (defendants' reply brief), at 2 (emphasis in original).

plan pursuant to Federal Rule of Civil Procedure 26(f), and to submit a report of that conference on or before May 9, 2011.

DONE this 21st day of April, 2011.

_____
United States District Judge